1

2

3

4                 **UNITED STATES DISTRICT COURT**

5                    **DISTRICT OF NEVADA**

6    _____

7    TERRY KERR et al.                        )
                                              )
8                    Plaintiffs,              )
                                              )        3:17-cv-00012-RCJ-VPC
9          vs.                                )
                                              )            **ORDER**
10   U.S. BANK, N.A. et al.,                  )
                                              )
11                   Defendants.              )
                                              )
12   _____

13          This case arises out of a residential foreclosure.  Pending before the Court are a motion to

14   dismiss and a motion for default judgment.

15   **I.      FACTS AND PROCEDURAL HISTORY**

16          Plaintiffs have sued Defendants in this Court *in pro se* for: (1) violations of the Bank

17   Holding Companies Act ("BHCA"); (2) violations of the Racketeer Influenced Corrupt

18   Organizations Act ("RICO"); (3) violations of the Servicemembers Civil Relief Act ("SCRA");

19   (4) Intentional Infliction of Emotional Distress ("IIED"); (5) breach of the implied covenant of

20   good faith and fair dealing; (6) RICO; and (7) violations of the Truth in Lending Act ("TILA").

21   Defendants have move to dismiss, and Plaintiffs have moved for a default judgment.

22   **II.     LEGAL STANDARDS**

23          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

24

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley*

only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows (assuming the allegations of fact are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. ANALYSIS

The Court denies the motion for default judgment. Plaintiffs argue that BOA has failed to answer within 21 days of being served. The docket indicates that BOA (and other Defendants) filed the present motion to dismiss on the 21st day after service. A motion to dismiss under Rule 12 that is filed within the time to answer constitutes a sufficient defense to avoid a default and suspends the time to answer. *See* Fed. R. Civ. P. 12(a)(4). If a court grants a

motion to dismiss, no answer to the dismissed pleading is required, and if a court denies or postpones a ruling on the motion, a defendant has 14 days from notice of the court's decision to answer. *See* Fed. R. Civ. P. 12(a)(4)(A). Accordingly, Defendants have not defaulted. Also, a plaintiff seeking a default judgment must first petition the clerk of court for entry of default; only after the clerk enters default against a defendant may a plaintiff ask the court (or the clerk under certain circumstances) to enter a default judgment. *See* Fed. R. Civ. P. 55(a)–(b).

The Court also grants the motion to dismiss. It appears clear that the lawsuit arises out of a foreclosure of Plaintiffs' real property. But Plaintiffs make few allegations of fact concerning Defendants' wrongdoing apart from generalized claims of "violations," "crimes," "corruption," etc. Plaintiffs do not even identify the real property at issue. Plaintiffs do allege that certain Defendants conspired to convince Defendant Harmony Title Agency to falsely state that there was no lis pendens against the property.[1] This allegation is not sufficient to make out a claim under any of the listed causes of action, however. Even if it is in fact true that Defendants conspired to lie about the existence of a lis pendens to a prospective buyer who then purchased the property at issue where he would not have done so had he known of the lis pendens, it is difficult to see how Plaintiffs' interests in the property could have been adversely affected. The buyer might be aggrieved by such a misrepresentation, but Plaintiffs' interest in the property cannot have been affected by a misrepresentation made to the buyer.

More importantly, as Defendants note, Plaintiffs previously filed a similar action against some of the same Defendants in this District arising out of the same foreclosure. The causes of

---

1 The Court notes that a lis pendens functions as a warning to potential purchasers that litigation is pending as to real property and that the property, if purchased, will be taken subject to the results of that litigation, but a lis pendens does not prevent a sale. A purchaser may accept the risk of pending litigation if he wishes to.

action listed in the present action mirror those made in the first amended complaint of the previous action. Judge Du dismissed the previous action without leave to amend. (*See* Order, ECF No. 102 in Case No. 3:15-cv-306). An appeal is pending. The Court will not adjudicate duplicative claims contrary to Judge Du's ruling. *See, e.g.*, *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), o*verruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Default Judgment (ECF Nos. 8, 26, 27) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 16) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Sanctions (ECF No. 20) is DENIED. *See* Fed. R. Civ. P. 11(c)(2).

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge