# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TERRY KERR et al.

    Plaintiffs,

vs.

U.S. BANK, N.A. et al.,

    Defendants.

3:17-cv-00012-RCJ-VPC

**ORDER**

This case arises out of a residential foreclosure. The Court denied Plaintiffs' motion for default judgment and granted a motion to dismiss both because Plaintiffs had failed to state a claim and because Judge Du had dismissed a previous action based on the same claims. Plaintiffs have asked the Court to reconsider and to stay an order of the Sparks Justice Court.

The Court declines to reconsider. Plaintiffs argue that newly discovered facts require a different result. But new facts are inapposite unless they pertain to the preclusive effect of Judge Du's ruling. The alleged new facts concern an unlawful detainer action filed against Plaintiffs in state court, as well as copies of criminal and bar complaints filed by Plaintiffs, none of which has any effect on the claim preclusion issue. Nor do the alleged new facts affect the merits of the case, even if the present claims were not precluded and Plaintiffs could show that the facts previously existed but were not reasonably available. *See* Fed. R. Civ. P. 60(b)(2). Plaintiffs

argue that the state court unlawful detainer action is further evidence of Defendants' wrongdoing because the action is proceeding despite the existence of a lis pendens. But as the Court has explained, a lis pendens does not prevent sales or other transfers of interests in real property. It simply operates as constructive notice of pending litigation so that a purchaser cannot later attempt to avoid the results of the litigation by arguing he had no notice of it. The purchasers of real property may accept the risk of pending litigation if they wish to. And Plaintiffs' own complaints to the police or state bar agencies offered for the truth of the issues in dispute are inadmissible hearsay.

Plaintiffs have also asked the Court to stay a writ of restitution issued by the Sparks Justice Court. But Plaintiffs have not identified any federal statute authorizing this Court to interfere with that state court proceeding or indicated how this Court's jurisdiction or judgments are threatened by that writ. *See* 28 U.S.C. § 2283.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 31) and the Motion to Stay (ECF No. 32) are DENIED.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

_____
ROBERT C. JONES
United States District Judge